IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONAIR CORPORATION, | : |
| Plaintiff, | : Civil Action No. 303 CV 0958 (DJS) MRK |
| v. | : |
| EURASIA CONCEPTS, INC. d.b.a. BIO IONIC, INC., | : |
| Defendant. | : |

**STIPULATED PROTECTIVE ORDER**

It is hereby stipulated by and between Plaintiff Conair Corporation and Defendant Eurasia Concepts, Inc., as follows:

1. This is an action involving claims for Patent Infringement.

2. The parties desire to conduct discovery in this litigation, and wish to maintain the confidentiality of their alleged private information and other alleged confidential commercial, financial and proprietary information.

3. The parties believe that it is in their respective interests to enter into a Protective Order with respect to discovery produced and propounded in this matter. The parties hereby stipulate to the entry of the following Protective Order:

**Protective Order**

GOOD CAUSE APPEARING THEREFOR, the Court issues the following Protective Order in connection with this matter:

1. <u>Confidential Information Defined</u>.

As used herein, the term "Confidential Information" means any information, which is:

(a) Within the definition of a trade secret under the Uniform Trade Secrets Act;

(b) Information of a sensitive or competitive nature that is confidential and/or proprietary, and that is treated as such by the disclosing party;

(c) Comprises any discovery-related documents which contain any of the information referenced in subparagraphs (a) and (b) above, including but not limited to, interrogatories and responses thereto, requests for admissions and responses thereto, demands for production of documents and responses thereto, and deposition transcripts or portions thereof which are designated as "Confidential" in the manner provided by Section 2 of this Protective Order.

2. <u>Designation of Confidential Information</u>.

Any party may, in good faith and subject to the terms of this order, designate any document or portion thereof as containing Confidential Information. The "Confidential" designation shall be made in writing, such as by stamping the word "Confidential" on each document containing confidential information. Transcripts of depositions, any

portion thereof, or exhibits thereto, may be designated as "Confidential" by written notice to all parties within fifteen days of receipt of the transcript. All transcripts shall be treated as confidential until the fifteen day period for designation has expired. A deposition or portion thereof or exhibit thereto may be designated as Confidential by a statement on the record, in which case the reporter shall stamp or write "Contains Confidential Information" on the cover of the transcript. Nor is anything in this Protective Order intended to render the inadvertent or unintentional disclosure of confidential information by a producing party a waiver in whole or in part of a party's claim of confidentiality as to the specific information disclosed, or as to any other information relating thereto. If either party inadvertently divulges any confidential information the parties will act diligently to protect such information.

3.   <u>Permitted Use</u>.

Confidential Information which is produced pursuant to this Protective Order shall be used or disclosed only for purposes of prosecuting or defending this action, and if disclosed to anyone for such purposes shall only be disclosed to the following categories of persons:

    a.    Only upon the consent in writing of a disclosing party, two employees of a party actually necessary for the prosecution or defense or advancement of this action. Such persons shall be designated in writing by each party prior to disclosing any "Confidential" information to such persons

      provided such persons agree to be bound by the provisions of this Protective Order and have executed the Understanding and Agreement in the form attached hereto as Exhibit "A";

b. Counsel of record (including, without limitation, attorneys employed by Handal & Morofsky and McGovern and Associates), any attorney who has been designated as "of counsel" to any counsel of record, and in-house counsel for any party engaged in the prosecution or defense of this litigation (including, without limitation, members of the bar of any state employed as in-house counsel by, or acting as legal consultants to Plaintiff or Defendant and without regard to board membership or other title), and their partners, associates, legal assistants and employees.

c. Experts and consultants employed by any party hereto or their legal counsel in connection with the prosecution or defense of this action, provided such persons agree to be bound by the provisions of this Protective Order and have executed the Understanding and Agreement in the form attached thereto as Exhibit "A";

d. Court officials involved in this litigation (including court reporters, special masters, mediators or referees appointed

by the Court or jointly selected by the parties, and persons operating video recording equipment at depositions);

e. Witnesses, prospective witnesses and deponents, other than those included in Section 3(a) above. In the event such witnesses, prospective witnesses and deponents are employees of either party and have not already agreed to be bound by the terms of this Protective Order, then said employees shall be required to agree to be bound by the provisions of this Protective Order and shall have executed the Understanding and Agreement in the form attached hereto as Exhibit "A" prior to disclosing to them any "Confidential Information"; and

f. Persons with prior knowledge of the "Confidential Information."

4. Court Proceedings.

In the event Confidential Information is included or discussed in any motion, memoranda, affidavits, declarations, exhibits, transcripts or other papers filed or lodged with the Clerk of the Court, such documents shall be filed or lodged in a sealed envelope marked: "Confidential Discovery Information: Subject to Protective Order". Such papers shall be endorsed with the caption of this action and the following statement:

"Contains Confidential Information which is not to be disclosed except by Order of the Court."

5. <u>Retention of Confidential Information</u>.

The attorneys for the parties are directed to retain all copies of documents containing designated Confidential Information in their custody or control and to take reasonably necessary precautions to prevent persons not authorized as provided above from obtaining access to any such Confidential Information.

6. <u>Trial</u>.

Nothing herein is intended to govern, limit or affect the right of any party to use Confidential Information in the trial of this action.

7. <u>Limitations</u>.

This Protective Order shall not affect and is without prejudice to:

a. Any party's right to object to any discovery request on any ground;

b. Any party's right to seek an order compelling discovery with respect to any discovery requests;

c. Any party's right to object to the admission of any evidence on any ground;

d. Any party's right to use its own documents with complete discretion;

6

  e. Any party's right to use, at the time of trial, any document marked a "Confidential" designation; or

  f. Any party's right to seek modification of this Order in furtherance of the defense, prosecution or settlement of this action.

8. <u>Challenging "Confidential" Designation</u>.

Should any party wish to challenge the treatment of any information designated as Confidential Information under the terms hereof, such party may move the Court at any time for an order releasing the material from the designation "Confidential." In deciding such a motion, the burden shall be on the party seeking protection of the Confidential Information to establish and show good cause for protection of the information in question.

9. <u>Return of Confidential Information</u>.

Within 120 days after the final termination of this action, including any and all appeals, all documents constituting or containing Confidential Information, and all copies thereof and all summaries and descriptions of such discovery, shall be returned to counsel for the party who initially produced the Confidential Information, or destroyed as provided below. Within the 120-day period, counsel for each party shall exchange the originals or copies of all executed Understanding and Agreement forms, a specimen of which is attached hereto as Exhibit "A," together with a certification from each

counsel that such forms constitute all of the executed forms in his possession and that said counsel has not provided Confidential Information to any other persons in categories 3(c) or 3(e) above. Confidential Information may be destroyed only with the written consent of the party who produced it. In the event permission to destroy Confidential Information is granted, counsel to the party responsible for the destruction shall certify in writing to counsel for the party which produced it that such destruction has been accomplished. This return or destroy requirement does not apply to any papers filed with the Court or copies thereof, nor does it apply to any documents protected by the attorney work-product doctrine or any documents which counsel in good faith determines must be retained in the office file for this action. However, disclosure of any Confidential Information retained by counsel following the conclusion of this action, including any and all appeals, shall continue to be governed by this Order or by such other court orders as any of the parties or counsel may seek or obtain by noticed motion or agreement of the parties.

SO STIPULATED:

Dated: 10/13/03

CONAIR CORPORATION

By *[signature]*
Vice President, General Counsel

Dated: 10/7/03

EURASIA CONCEPTS, INC. d.b.a. BIO IONIC, INC.

By *[signature]*

Handal & Morofsky, LLC

By *[signature]*
Anthony H. Handal
Attorneys for Plaintiff

McGovern & Associates

By *[signature]*
Brian T. Foley
Attorneys for Defendant

SO ORDERED:

_____
U.S.D.J.

Dated: _____, 2003

9

SO STIPULATED:

Dated: _____                      CONAIR CORPORATION

                                            By_____


Dated: 10/7/03                              EURASIA CONCEPTS, INC. d.b.a. BIO IONIC, INC.

                                            By _Kay Ashw Rom_____ (signature)


Handal & Morofsky, LLC

By _____(signature)_____
    Anthony H. Handal
    Attorneys for Plaintiff


McGovern & Associates

By _____(signature)_____
    Brian T. Foley
    Attorneys for Defendant


SO ORDERED:

_____
U.S.D.J.

Dated: _____, 2003

9

EXHIBIT "A"
UNDERSTANDING AND AGREEMENT
RE: "CONFIDENTIAL" DISCOVERY INFORMATION

I hereby state that I have read and received a copy of the Protective Order in Conair Corporation v. Eurasia Concepts, Inc. d.b.a. Bio Ionic, Inc., Case No. 303 CV 0958 (DJS) pending in the United States District Court of Connecticut.

I understand the terms of that Protective Order and agree to be bound by its terms and consent to personal jurisdiction of the Court with respect to enforcement of the Order.

I will make only such copies or notes of Confidential Information as are essential to enable me to render the assistance required in connection with this litigation, and I will keep such notes and copies in a separate file marked for disposal or destruction upon completion of this litigation or return to counsel.

I will not reveal or otherwise use the Confidential Information for any purpose other than the prosecution or defense of this action.

Dated: _____

_____
Signature

_____
Printed Name

_____
Address

_____

10