**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CONAIR CORPORATION, | : | |
| | : | |
| Plaintiff, | : | NO. 3:03CV958(MRK) |
| | : | |
| v. | : | |
| | : | |
| EURASIA CONCEPTS, INC. | : | |
| d.b.a. BIO IONIC, INC., | : | |
| | : | |
| Defendant. | : | |

**ORDER**

The Parties' Stipulated Protective Order [doc. #21] is GRANTED with the exception of Paragraph #4, regarding Court Proceedings. If either party wants to designate anything filed with the Court as confidential and place it under seal, that party will have to make a separate motion, specifying precisely what is to be kept under seal and demonstrating good cause as to why the Court should depart from the strong presumption against sealing any court records to public inspection. *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 579-99 (1978); *Video Software Dealers Assoc. v. Orion Pictures, Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 26 (2d Cir. 1994).

In limited circumstances and upon a showing of compelling circumstances, this Court may order certain records to be sealed. However, "[i]n most cases, a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need." *Id.* at 27 (citation omitted). Moreover, ordinarily, a court must make that determination on the basis of a careful document-by-document review.  A blanket sealing order such as that requested in Paragraph 4 would rarely, if ever, be appropriate. Until either party demonstrates the existence of

an extraordinary circumstance or compelling need to seal from public view any specific document filed in this case, this Court will not depart from its governing presumption of open access.

IT IS SO ORDERED.

/s/     Mark R. Kravitz
U.S.D.J.

**Dated at New Haven, Connecticut: December 1, 2003**.