### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CONAIR CORPORATION, | : | Civil Action No. 303 CV 0958 (MRK) |
| Plaintiff, | : | |
| v. | : | |
| | : | **MEMORANDUM OF LAW IN** |
| EURASIA CONCEPTS, INC. d.b.a. | : | **SUPPORT OF PLAINTIFF'S MOTION** |
| BIO IONIC, INC., | : | **FOR AN ORDER COMPELLING** |
| | : | **DISCOVERY** |
| Defendant. | : | |

Pursuant to Fed.R.Civ.P. 37, Plaintiff Conair Corporation hereby moves this Court for an order compelling Defendant Eurasia Concepts Corporation to produce documents responsive to Plaintiff's First Request for Production of Documents and Things and furnish complete answers to Plaintiff's First Set of Interrogatories Nos. 9, 12 and 17. The discovery requested seeks information on a variety of issues directly related to this patent infringement action. While the majority of Defendant's answers state that responsive documents will be produced at a mutually agreeable time and place, subsequent production resulted in only a handful of unimportant documents being produced. Defendant failed to adequately respond to the majority of the requests and where information was produced by Defendant, it was incomplete.

Throughout this lawsuit, Defendant has repeatedly sought extensions of time to produce requested documents and interrogatory answers, only to provide incomplete responses to discovery. When pressed in the past, Defendant's response has been to admit knowledge that documents, which it previously stated were not in its possession or control can be obtained, but then only to produce incomplete information. Moreover, some information clearly within Defendant's control, namely its costs, was not produced initially, and then only produced, albeit under threat of motion, incompletely. Here again, Defendant requested repeated extensions of time to produce the requested information, made multiple excuses, delayed further and then

1

produced incomplete documentation dealing with *its own costs*, something clearly within its knowledge.

Plaintiff has reciprocated to Defendant's expression of a desire to cooperate in reaching an amicable resolution of this controversy. Such offered cooperation has been abused, in a misguided attempt to conceal its profits, perhaps believing that its failure to abide by the rules can give it some tactical advantage over the Plaintiff in this action.

In similar fashion, Defendant has stated that it has meritorious prior art, but when pressed to produce the same, only irrelevant documentation was produced. When pressed, here again the Defendant has excuses, urging that there is better prior art which it claims its Japanese associates only have access to, much as it claims that these Japanese companies only have access to the formulation information sought by Plaintiff, notwithstanding the fact that it has produced much information from its Japanese associates, much of it in Japanese, including opinions of counsel. It would seem that any attempt by Defendant to resist discovery is, unfortunately, patently in bad faith, as appears more fully below.

Plaintiff requires complete responses to all of its discovery requests. It is respectfully submitted that this Court should grant Plaintiff's Motion to Compel the production of documents and answers responsive to Plaintiff's First Set of Interrogatories Nos. 9, 12 and 17 and to its First Request for Production of Documents and Things to Defendant and for an award of attorney's fees and costs for making this motion.

## I. FACTS

This is an action for patent infringement of a patent covering Plaintiff's hair straightening method and hair straightening products. At the outset, Defendant claimed that the Plaintiff's

2

patent was invalid based upon the existence of prior art. Plaintiff studied the alleged prior art produced by Defendant and found Defendant's claims to be without merit.

Thereafter, the parties commenced settlement discussions. However, it was agreed by the parties that certain information would need to be produced by Defendant in order to continue settlement negotiations. Specifically, Defendant was told that information relating to sales, costs, and ingredients must be produced by Defendant before Plaintiff would make an offer of settlement.

Pursuant to Fed.R.Civ.P. 33 and 34, Plaintiff served its First Set of Interrogatories on Defendant and First Requests for Production of Documents and Things on Defendant on August 6, 2003. Thereafter, Defendant moved this Court for a thirty day extension of time to answer the discovery requests. Almost one month after the deadline for responding to the discovery requests, on October 8, 2003, Defendant finally served its answers to the outstanding discovery requests. See Exhibit A annexed hereto, marked "Confidential" pursuant to the Stipulated Protective Order, a true and correct copy of Defendant's Responses and Objections to Plaintiff's First Set of Interrogatories and Request for Production of Documents and Things. Defendant produced no documents in response to Plaintiff's First Request for Production of Documents and Things and its responses to Interrogatories No. 9, 12 and 17 were incomplete.

On October 7, 2003, Defendant executed a Stipulated Protective Order which was subsequently filed with the Court. Thus, for over two months, there has been no excuse for defendant not to produce the requested documents and responses to interrogatories.

On October 29, 2003, after a conference with counsel for Defendant in which Plaintiff requested production of responsive documents and repeated its desire to avoid the trouble and expense of a motion to compel, Defendant produced approximately sixty documents marked

3

"Confidential" which appear to be Defendant's educational manual. The document production was incomplete since it was responsive to only one request for production. Defendant did not specify to which request the documents were responsive. Defendant failed to produce any documents relating to costs, sales, manufacture, Defendant's defenses and Plaintiff's other relevant requests.

Plaintiff's counsel advised counsel for Defendant that the response was incomplete and unsatisfactory. Defendant's only response was to suggest that it should be given a settlement offer. Defendant was told that there was no possibility of settlement discussions unless Defendant would produce information relating to Defendant's sales, costs, ingredient list and prior art claims chart in order for the parties to continue their settlement discussions.

On November 4, 2003, counsel for Defendant advised by letter that he was out of the office until November 7, 2003, but his client was making a "good faith and diligent effort to provide information that reasonably complies with the legitimate scope of your request." See a copy of the letter annexed hereto as Exhibit B.

Counsel for Plaintiff again advised in writing that the documents produced were not responsive to the requests for detailed costs and product ingredients and again notified defendant that a motion to compel would be filed if the information was not promptly produced. Exhibit C.

After repeated voicemail messages to counsel for Defendant, on December 5, 2003, Defendant produced supplemental responses to Interrogatory Nos. 9 and 17 relating to costs and ingredients, however, the response was again incomplete as it failed to address the information specifically requested in the interrogatory. Exhibit D. In addition, Defendant did not supplement its responses to the outstanding document requests. No documents supporting the information listed in Interrogatory Nos. 9 and 17 were produced.

4

Defendant's initial refusal to comply with discovery and then incomplete and evasive answers relating to its annual sales and costs associated with the infringing products coupled with Defendant's delay in producing the incomplete information prompted the filing of the instant motion.

## II.  LAW AND ARGUMENT

A motion to compel discovery is proper under Rule 37 of the Federal Rules of Civil Procedure where a party's response to a discovery request is inadequate, evasive or incomplete. The scope of permissible discovery under the Federal Rules of Civil Procedure is broad, "encompass[ing] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Maresco v. Evans Chemetics, Div. of W.R. Grace & Co., 964 F.2d 106, 114 (2d Cir. 1992) quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Relevant information must only appear to be "reasonably calculated to lead to the discovery of admissible evidence". Fed.R.Civ.P. 26(b)(1). The standard for discovery is broad in scope in order to allow the parties an equal access to the operative facts. See Prokosch v. Catalina Lighting, Inc., 193 F.R.D. 633 (D.Minn. 2000). An order compelling discovery may be tailored to the circumstances of the case. Gile v. United Airlines, Inc., 95 F.3d 492, 496 (7th Cir. 1996).

**Requests Seeking Information on the Conception, Development and Manufacture of Infringing Products are Relevant to Prove Infringement.**

Plaintiff's Interrogatory No. 17 and Requests for Production of Documents and Things numbers 3-12, 14-18, 21, 26, 27, 38, 40-49 seek information relating to the formulation, conception, design, manufacture, use and sale of Defendant's infringing hair straightening products. This information is directly related to the heart of a patent infringement action.

Literal infringement of a patent exists where the infringing products or method contain every essential element of the asserted patent claim. <u>IMS Tech., Inc. v. Haas Automation, Inc.</u>, 206 F.3d 1422, 1429 (Fed.Cir. 2000). An infringement analysis requires that the Court compare the patentee's claims with the allegedly infringing products or method. <u>Lockheed Martin Corp. v. Space Systems/Loral, Inc.</u>, 324 F.3d 1308,1318 (Fed. Cir. 2003).

Materials relating to the formulation, ingredients, conception and design of the infringing products are directly related to proving infringement and are necessary to an infringement determination. A comparison of Plaintiff's claims and the Defendant's products cannot be conducted if the Defendant refuses to produce samples, ingredient lists, conception documents, and formulas. Plaintiff's Request Nos. 3-12, 16, 40-49, seek documentation and samples relating to the same.

Plaintiff's document requests also seek information relating to the manufacture, use and sale of the Defendant's infringing products, issues directly related to an infringement determination. A patent has been infringed when whoever, without authority, makes, uses, offers for sale or sells any patented invention. 37 U.S.C. 271(a). Thus, all non-privileged documents and materials relating to the manufacture, use, sale and offer of sale of the infringing products are relevant to the action and must be produced. Defendant's complete responses to these requests must be compelled, despite any objections to the contrary.

**Defendant Represents That It Will Produce Responsive Documents, But No Documents Have Yet Been Produced.**

In response to Request Nos. 3-11, 14-18, 21, 27, 38, 40, 42, 43, 44 and 46, Defendant only raises general objections and does not specifically object to the requests. Defendant further answers that "responsive non-privileged documents will be produced at a mutually agreeable time and place, subject to the Stipulated Protective Order, if applicable." To date, no responsive

6

documents have been produced. Defendant should be compelled to produce the responsive documents immediately as the documents are relevant on the issue of patent infringement and since Defendant has agreed to produce non-privileged documents. Plaintiff should also be required to produce a privilege log, should any of the responsive documents be deemed by Defendant to be privileged.

## Defendant's Form Objections to the Requests Have No Explanation and Are Without Merit.

Defendant objects to Request No. 26 relating to any testing, evaluation, marketing, investigation or any other action of Defendant respecting actual customers of Defendant as unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. However, Defendant provides no explanation for its objections, which appear to be form objections as the same objection is used throughout the requests. Defendant further states that it will produce non-privileged documents at a mutually agreeable time and place. No such documents have been produced and the documents requested are clearly relevant to the issue of Defendant's infringement activities.

Plaintiff seeks documents sufficient to identify all straightening products sold by Defendant in the past, presently or under consideration or planned for sale in the future in its Request No. 41. Defendant objects that the request relates to products not accused of infringing the Plaintiff's patent and is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

## Defendant Should Not Be Allowed to Make Its Own Infringement Determination

Without further explanation, Defendant objects to the production of documents identifying the ingredients and amounts of ingredients in all straightening products formulated by defendant in Request No. 45 as unduly burdensome, overbroad, and not reasonably calculated to

lead to the discovery of admissible evidence. Defendant is entitled to this documentation as it may reveal additional infringing activities of Defendant not known by Plaintiff. Such documentation may also show an evolution toward infringing product.

**Defendant Refuses to Produce Samples of Its Product**

Defendant objects using its form objection to Request Nos. 47-49 which seek samples of the Defendant's straightening products, a clearly relevant area of discovery in this patent action, as discussed above.

With respect to Interrogatory No. 17 which requests an identification of the ingredients and ingredient characteristics for each of Defendant's straightening products, Defendant, in its first response, answered that "such information is not kept by Defendant in its business records and is not within Defendant's possession, custody or control...it maintains no information as to the formulations, ingredients and ingredient characteristics of the Products." See Exhibit A.

**Defendant Suppressed Information Submitted to the FDA**

Plaintiff challenged this response in a telephone conference with counsel for Defendant. Defendant sells these hair straightening products and has a certification process for hair care professionals on the method of use of the hair products. Plaintiff cannot comprehend that Defendant is selling a product and hair straightening method and does not have any idea as to the formula for the products or the ingredients. The ingredients should be listed on the product packaging as required by the FDA.

Defendant filed a supplemental response to Interrogatory No. 17, in which Defendant listed the ingredients of the straightening products. However, it is believed that Defendant has access to the ingredient characteristics, in particular, as requested, the chemical formula, manufacturer, catalog number, source, concentration, viscosity and acidity of the straightening

8

products. Control is a legal right, authority or ability to obtain documents in the possession of another upon demand. <u>Florentia Cont. Corp. v. RTC</u>, 1993 WL 127187 at *3 (S.D.N.Y. 1993). If the Defendant does not already have the information in its possession, it is believed that Defendant can obtain the information from the supplier of the goods. The failure to produce the requested documents appears to be an attempt on Defendant's part to circumvent the Federal Rules of Civil Procedure and this Court's rules in an effort to conceal relevant information. Defendant must be ordered to produce a complete response to Interrogatory No. 17 and to produce relevant documents pursuant to Document Request No. 1 which seeks documents and things relied upon or referred to in answering Plaintiff's First Set of Interrogatories.

**Plaintiff Seeks Evidence Relevant to Its Claim of Willful Infringement.**

Plaintiff's Document Requests 28-33 seek information relevant to proving willful infringement. It is well settled that notice of another's patent rights confers on a potential infringer a duty to determine whether or not he is infringing. <u>Underwater Devices, Inc. v. Morrison-Knudsen Co.</u>, 717 F.2d 1380, 1389-90 (Fed. Cir. 1983). Plaintiff seeks evidence in Defendant's possession which will prove that Defendant had notice of Plaintiff's patent and that Defendant disregarded Plaintiff's rights when it continued to engage in the infringing activities. For instance, in its requests, Plaintiff seeks documents in the possession, custody or control of Defendant in which Plaintiff's patent or products are referred to. Plaintiff further seeks information related to Defendant's patent searches, patents and patent applications relating to straightening products. All this information is relevant on the issue of patent infringement and Plaintiff's damages claim and must be produced.

Moreover, Defendant does not make any specific objections to these document requests, rather, Defendant states that "non-privileged documents will be produced at a mutually agreeable

9

time and place, subject to the Stipulated Protective order, if applicable." However, no such documents have been produced.

## Defendant's Sales Documents Showing Sales of Non-Infringing Product Bears on Damages Claims.

Plaintiff's Document Requests Nos. 19, 20, 22-26, 39 and Interrogatory No. 9 seek documents evidencing Defendant's use, licensing activities, and sales and cost information which are relevant to determining damages. Under 35 U.S.C. 284, a meritorious plaintiff is entitled to receive compensation for infringement, but in no less than a reasonable royalty. Many factors may be considered in calculating damages, including without limitation, the existing value of the infringing products, the extent of sales, the extent of use, and evidence probative of the value of the infringing use. Get-a-Grip, II, Inc. v. Hornell Brewing Co., Inc. d.b.a. Ferolita,Voltaggio & Sons, 1999 U.S. Dist. LEXIS 20105, *8 (1999). In similar fashion, when it can be proven that sales of patented products stimulate sales of non-patented products, convoyed sales are subject to a claim for damages. Rite-Hite v. Kelley, 56 F.3d 1538 (Fed.Cir. 1995).

## Accounting Documents Must Be Produced by Defendant

An infringer's profits may also be probative of Plaintiff's damages or may be relevant in the calculation of a reasonable royalty. Georgia-Pacific Corp. v. U.S. Plywood-Champion Papers, 318 F.Supp. 116, 1120 (S.D.N.Y. 2000).

Defendant has not produced any responsive documents relevant to the damages issue. In its responses to Request Nos. 19 and 20, Defendant states that non-privileged documents will be produced at a mutually agreeable place and time, however, no such documents have been produced. This information is discoverable as it is relevant to Plaintiff's damages claim and Defendant has agreed to produce the same, but has not done so.

## Defendant Cannot Hide Its Sales and Profits.

10

Most importantly, Request Nos. 19 and 20 seek documents evidencing dollar amounts and unit volume of annual wholesale and retail sales for each year in which Defendant's infringing products were sold and the costs of manufacture and sale during the same period. Plaintiff is seeking the very basic production of invoices and other documents showing sales of products, including the infringing product. Sales of other products are relevant to unjust enrichment by virtue of the convoyed sales principle. Without this information, Plaintiff cannot calculate damages. Defendant answered that the responsive documents would be produced, however, no documents have been produced.

Plaintiff's Request No. 22 seeks electronic accounting and other documentation evidencing inventory, and dollar amounts and unit volume of annual wholesale and retail sales of Defendant's infringing products from 1990 to present. Defendant objects to the request as "unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence", but provides no explanation for its clearly bad-faith objection. The information requested is, obviously, relevant to prove damages. Indeed, the sales information goes directly to the issue of reasonably royalty and the requested inventory evidence is relevant to show the number of infringing products manufactured by or for Defendant. Moreover, Defendant further responds that it will produce documents "sufficient to show the volume and dollars sales of products accused of infringing the Patent." No such documents have been produced, despite Defendant's representations.

Request No. 23 and 24 seek information relating to the cost of advertising of the infringing products which is relevant to the issue of lost profits and damages. Advertising expenditures may be probative of Plaintiff's lost sales resulting from Defendant's sales of the

11

infringing hair straightening products.   <u>Lucini Italia Co. v. Grappolini</u>, 2003 WL 1989605
(N.D.Ill. 2003).

Request No. 25 seeks information relating to the cost of manufacture of Defendant's
infringing products which is directly related to a damages calculation.  Defendant objects to this
request as "unduly burdensome, overly broad and not reasonably calculated to lead to the
discovery of admissible evidence."  Profits may be calculated by subtracting the costs of the
products from the sales.  The infringer's profits is a relevant consideration in calculating
damages.  The requested documents must be produced.

Request No. 26 seeks information relating to the customers of Defendant and is relevant
on the issue of damages as it may be probative of Plaintiff's lost sales resulting from Defendant's
sales of the infringing hair straightening products.  Defendant agrees to produce responsive non-
privileged documents, but has not done so.  Defendant must be compelled to produce responsive
documents.

Request No. 39 also seek information relating to the identity of Defendant's actual and
potential customers.  Defendant objects that the information sought is "unduly burdensome,
overly broad and not reasonably calculated to lead to the discovery of admissible evidence".
Defendant has not provided any explanation for its objections.  The requested documents is
likely to be probative of Plaintiff's lost sales resulting from Defendant's sales of the infringing
hair straightening products.

**Defendant Cannot Hide Purchasing Costs Frustrating a Calculation of Profit**

Interrogatory No. 9 seeks the dollar amount of annual wholesale and retail sales of
Defendant's straightening products and other products and an itemized accounting of all
expenses attributable to such sales.  In its first response to this interrogatory, Defendant provided

12

one lump sum figure for wholesale sales from 1993 to the present, a lump sum figure for assembly costs, a lump sum figure of general and administrative costs.  The information was incomplete, as Plaintiff requested annual sales and annual expenses, not a lump sum figure for ten combined years.  Also, Plaintiff specifically requested that the expenses be itemized, they were not.  Defendant has not even provided a lump-sum figure for its cost of goods, and such basic information cannot be suppressed.

More particularly, in Defendant's supplemental response to Interrogatory No. 9, Defendant listed an itemized cost of a six pack product per unit.  However, Defendant has not fully answered the document request.  Plaintiff requested annual costs for each year in which sold and an itemized accounting of the expenses, not a per unit breakdown.  Moreover, this information is not useful because Defendant failed to provide documents showing the number of units of the infringing products sold to date, as requested in Document Request No. 19, and Defendant has not produced information showing the per unit sales price.  Without that information, the information produced by Defendant has no context and is useless.

**Defendant Failed to Produce Documents To Support Its Affirmative Defenses**.

Plaintiff's Request Nos. 36 and 37 seek materials Defendant will rely on in support of its affirmative defenses and any documents or things which Defendant alleges to constitute prior art. Defendant answers that it will produce responsive non-privileged documents at a mutually agreeable time and place.  No documents were produced, except for some alleged prior art documents produced by Defendant at the inception of this action.  Defendant must make this evidence available, or the introduction of such evidence at a future date barred.

**The Evidence Suppressed by Defendant Must be Compelled.**

13

Defendant has unjustifiably suppressed information and documents responsive to Plaintiff's Interrogatory No. 9 requesting the dollar amount of wholesale and retail sales for each year in which the infringing products were sold and the expenses attributable to the sales, Interrogatory No. 12 requesting identification of each item of alleged prior art and Interrogatory No. 17 requesting the ingredients and ingredient characteristics for each of Defendant's hair straightening products and Plaintiff's First Set of Document Requests to Defendant. The information and documents requested are in the possession or control of Defendant and are relevant and discoverable. Defendant's suppression of relevant evidence is unjustified and Defendant must be compelled to produce responsive information and documents.

## Defendant's Conduct in Discovery is Unjust and Violates Fed. R. Civ. P. 37(a)(4).

Defendant improperly failed to produce documents specifically requested by Plaintiff and must be sanctioned for its intentional suppression. The reasons underlying a party's failure to disclose discovery material is an important consideration in determining what sanctions to impose. Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197, 203 (1958). In the present case, Defendant has failed to provide any legitimate reason for failing to produce the requested documents and things. Indeed, in the face of discussions between Council respecting bee need to determine profits before settlement can proceed and interrogatories and document request demanding such information, defendant's refusal to produce information can only be deemed deliberate, abusive and in bad faith.

This Court has the inherent authority to enter sanctions for abuses of discovery. Roadway Express, Inc. v. Piper, 447 U.S. 752, 765 (1980). "The need to develop all relevant facts in the adversary system is both fundamental and comprehensive. . . . The very integrity of the judicial system and public confidence in the system depend on full disclosure of all the facts,

within the framework of the rules of evidence." <u>Taylor v. Illinois</u>, 56 U.S.L.W. 4118, 4120

(1988). (quoting <u>U.S. v. Nixon</u>, 418 U.S. 683, 709 (1974)). Cooperation in discovery is

necessary to minimize the risk that "a judgment will be predicated on incomplete, misleading, or

even deliberately fabricated testimony." <u>Taylor</u>, 56 U.S.L.W. at 4121.

Defendant's discovery failures are in blatant indifference to the rights of Plaintiff to

obtain relevant documents. Defendant's failure to produce the documents and its evasive

answers in response to Plaintiff's interrogatories is willful and deliberate suppression of relevant

documents and information. The requested discovery goes to the issue of infringement and

damages on the patent infringement claim at very core of the issue in this litigation. Suppression

of evidence is not a legitimate defensive tactic.

Plaintiff requests, therefore, that in addition to compelling the discovery sought herein,

that the Court award attorney's fees and costs associated with having to bring this motion and

impose disciplinary sanctions on Defendant.

## III. CONCLUSION

This Court should enter an order compelling Defendant to fully answer Plaintiff's

Interrogatory Nos. 9, 12 and 17 and each and every one of Plaintiff's First Requests for

Production of Documents. Because the suppression of evidence was intentional, this Court

should award Plaintiff's attorney's fees and costs in making this motion and an extension of the

time.

15

Dated: _12/15/03_

Respectfully submitted,

By _____

Anthony H. Handal (CT 03837)
Kirkpatrick & Lockhart, LLP
599 Lexington Avenue
New York, NY 10022
212-536-4870 phone
212-536-4875 fax

Attorneys for Plaintiff Conair Corporation

16