UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------x
CONAIR CORPORATION           :
                             :
         Plaintiff,          :
                             :   Case No.: 303CV0958 (MRK)
    v.                       :
                             :
EURASIA CONCEPTS, INC. d/b/a :
BIO IONIC, INC.              :
                             :
         Defendant.          :
------------------------------------------------------x

*FILED JAN 8 11:39 AM '04 U.S. DISTRICT COURT NEW HAVEN, CONN.*

## DECLARATION OF DONALD S. GRIER, ESQ.

STATE OF CALIFORNIA     )
                        )  ss.:
COUNTY OF LOS ANGELES   )

I, Donald S. Grier, state as follows:

1. I am over eighteen years of age and believe in the obligation of an oath.

2. I am the principal of the Law Office of Donald S. Grier and am admitted to the Bar of the State of California. I act, essentially, as general corporate counsel for the Defendant Bio Ionic Inc.

3. I submit this declaration in support of the Defendant's Memorandum in Opposition to Plaintiff's Motion for An Order Compelling Discovery and in support of Defendant's Motion for Fees and Costs.

4. After Plaintiff filed the Motion to Compel, I contacted in-house counsel for Plaintiff, Mr. Larry Cruz, by telephone on or about December 18, 2003. I called Mr. Cruz because I was surprised by the filing of the Motion and to discuss what exactly it was that Plaintiff was seeking by the motion. I made it clear on prior

occasions to Mr. Cruz and to Mr. Handal, counsel for Plaintiff, that the Defendant does not manufacture the product accused of infringement (hereinafter "Products"), that Defendant has limited information in this regard and that the Plaintiff essentially sued the wrong party in this case.

5. In the call with Mr. Cruz, we discussed the demand for sales information and we addressed the specific information or items that the Plaintiff was requesting which fell into three major categories consisting of:

   a. Purchase orders for the bulk purchase of the Products to determine the amount of Product sold;

   b. Invoices to retail accounts; and

   c. Formulation and ingredients for the Products.

6. I advised Mr. Cruz that I would seek to obtain whatever information was available in this regard, but again stressed the fact that the Defendant is merely a distributor of the Products and thus does not maintain nor is it in the position to force the manufacturer to provide some of the information requested such as the formulations for the Products. I also advised Mr. Cruz that invoices to retail accounts purchasing the Products may represent tens of thousands of documents. In fact, the Defendant does not even have custody or control over these invoices as it sells the Products to sub-distributors which in turn sells the Products to hundreds, if not thousands of individual retail accounts.

6. I immediately contacted the Defendant and requested copies of the purchase orders for the purchase of the bulk Products (i.e. the equivalent 55 gallon drums of the Products) and requested the Defendant to compile the sales information of

the Products to breakdown the specific number of units sold as requested by Plaintiff. This information was immediately compiled and thereafter sent to counsel for Defendant.

I hereby declare under the penalty of perjury that the foregoing is true and correct.

Dated: January 5, 2004

_____
Donald S. Grier