UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------x
CONAIR CORPORATION          :
                            :
         Plaintiff,         :
                            :   Case No.: 303CV0958 (MRK)
    v.                      :
                            :
EURASIA CONCEPTS, INC. d/b/a :
BIO IONIC, INC.             :
                            :
         Defendant.         :
------------------------------------------------------x

### DECLARATION OF BRIAN FOLEY

STATE OF CONNECTICUT  )
                      )  ss.:
COUNTY OF FAIRFIELD   )

I, Brian Foley, state as follows:

1.  I am over eighteen years of age and believe in the obligation of an oath.

2.  I am a member of the Law Firm of McGovern & Associates and I am admitted to the Bars of the State of Connecticut, the United States District Courts in Connecticut, the Southern District of New York and the Eastern District of New York and United States Courts of Appeal for the Federal Circuit and the Second Circuit.

3.  I submit this declaration in support of the Defendant's Memorandum in Opposition to Plaintiff's Motion for An Order Compelling Discovery and in support of Defendant's Motion for Fees and Costs.

4.  In my discussions with the Plaintiff's counsel, I communicated the fact that the revenues generated from the sale of the Crème in the Bio Ionic hair

retexturizing system were minimal and that the litigation should be approached with the realization that the parties were not fighting over a substantial amount of money. The Plaintiff's counsel appeared amenable to this approach to the litigation.

5.  There were a few, brief discussions between counsel concerning the nature and extent of information supplied in response to Plaintiff's rather broad discovery requests. I believed that we were working toward a settlement and that any discovery disputes would be discussed and resolved prior to the filing of any motion through a more detailed good faith conference typically conducted in this district pursuant to D. Conn L. R. 37(a)(2).

6.  Initial discovery requests were served on Defendant by mail on August 6, 2003. The Defendant requested and was given a 30-day extension. Thereafter, Defendant timely served its responses to Plaintiff's Discovery requests, which contained confidential information, notwithstanding the fact that Plaintiff had not obtained the necessary signatures and filed the Stipulated Protective Order with the Court.

7.  I told Plaintiff's counsel, Mr. Handal, that Bio Ionic was going to provide the available sales information even though the Protective Order had not been finalized in order to move settlement discussions along. At some point thereafter, Mr. Handal called me requesting an adjournment of the settlement conference originally set for November 13, 2003 and said that he had been distracted by moving his office from Connecticut to New York, settling in at his new office and by other matters.

8.     Mr. Handal called on or about October 29, 2003 and, in a brief conversation, made some general comments concerning the additional information that he and his client desired and believed necessary before conducting settlement discussions. I said I would inquire concerning an FDA ingredient listing that Mr. Handal said was available to Defendant. Interrogatory 17 did not simply ask for the ingredients in the Crème and this was pointed out to Plaintiff's Counsel during the brief telephone call in which the issue was discussed. The statements in Plaintiff's Memorandum In Support of the Motion to the effect that Defendant attempted to suppress information submitted to FDA are grossly inaccurate. The conversation on this topic, as noted above, was very brief and concluded with my statement that I would inquire and obtain any information regarding ingredients submitted to the FDA.

9.     At no time during this October 29, 2003 telephone call did Plaintiff's Counsel specifically reference a particular Interrogatory or document request. Instead the Plaintiff's Counsel made general comments directed primarily to obtaining the ingredients in the Crème and more specific cost information and that he believed the Crème was shipped in 55-gallon drums to Bio Ionic. I said that I would inquire and sent a confirming letter to that effect that also enclosed documents, even though I thought they were already produced to Defendant.

10.    In the same conversation, there was a brief discussion about the production of prior art documents and Plaintiff's demand that Defendant create claim charts and produce them to Plaintiff. I responded by stating that all prior art currently in Defendant's possession had been turned over as part of the initial

production and that the demand for claim charts was premature, as these typically are done in connection with expert discovery and reports. I also reminded Mr. Handal that under 35 U.S.C. § 282, Defendant has until thirty (30) days prior to the trial date to discover and disclose the prior art it intends to rely on at trial. Plaintiff also requested a sixty-day extension of all the discovery deadlines.

11.     The next telephone call from one of Plaintiff's attorneys, Ms. Keenan, was on November 24, 2003 to request an extension of time to answer Defendant's initial discovery. I consented to the request and expressed an interest in moving settlement discussions along. No mention was made of a possible Motion to Compel or the inadequacy of Defendant's discovery responses during the November 24, 2003 telephone call from Ms. Keenan or the subsequent letter sent by Ms. Keenan confirming the extension of time. Supplemental Interrogatory responses were dated on December 5, 2003 and no attempt was made by Plaintiff's counsel to address the sufficiency of the responses before filing the Motion To Compel.

12.     The fact that the Defendant buys the Crème from an overseas supplier and does not know the details requested by Interrogatory 17 was made clear to Plaintiff's Counsel. When Plaintiff's Counsel was told that Defendant did not have the ability to obtain and provide details concerning the ingredients and the formulation, Plaintiff's Counsel pointed out that Defendant would have an ingredient listing because it is required by the FDA. This was then obtained and produced.

13. Defendant has produced those documents currently in its possession and alleged to constitute prior art. These documents consist of publications provided to Plaintiff's Counsel before a formal discovery request was made.

I hereby declare under the penalty of perjury that the foregoing is true and correct.

Dated: January 7, 2004

_____
Brian Foley