UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------x
CONAIR CORPORATION          :
                            :
         Plaintiff,         :
                            :     Case No.: 303CV0958 (MRK)
    v.                      :
                            :
EURASIA CONCEPTS, INC. d/b/a :
BIO IONIC, INC.             :
                            :
         Defendant.         :
------------------------------------------------------x

### AFFIDAVIT OF KAY ROMERO

STATE OF CALIFORNIA     )
COUNTY OF LOS ANGELES   )   ss.:

Kay Romero, being duly sworn, hereby deposes and says:

1. I am over eighteen years of age and believe in the obligation of an oath. I am the Vice President of Defendant Eurasia Concepts, Inc. doing business as Bio Ionic ("Bio Ionic"). My husband, Fernando Romero, and I run the company. It is a small company with a total of 19 employees.

2. I submit this affidavit in support of the Defendant's Memorandum in Opposition to Plaintiff's Motion for An Order Compelling Discovery and in support of Defendant's Motion for Fees and Costs.

3. Bio Ionic is incorporated in the State of California. Its primary business is the distribution of hair care products to hair care professionals.

4. Bio Ionic sells only one hair relaxing crème (hereinafter "Products") which is purchased from Create Co. Ltd., a Japanese company (hereinafter "Create").

Bio Ionic does not manufacture the Products; the Products are produced by Create and its manufacturers.

5.  Bio Ionic is a wholly separate and distinct corporate entity from Create, which is the owner of the formulations for the Products.

6.  Bio Ionic is the distributor of the Products in the United States. Bio Ionic purchases the Products from Create, and offers the Products as part of its Bio Ionic product line. The Products are re-sold to Bio Ionic's 20 distributors who in turn sell it to retail locations, such as salons, where it is applied to the hair of the salon's customers.

7.  There is no relationship between Bio Ionic and the formulator and manufacturer, , other than in the capacity of supplier and distributor. There are no common directors of either company; neither company owns any stock in the other company; there is no common control between the two companies; and each maintains separate books and records.

8.  Bio Ionic has in its possession some limited information about the Products, but not all of the information about the Products requested by Plaintiff.

9.  The limited information is comprised mainly of the composition of the Products (i.e. the ingredient list), sufficient only to comply with Food and Drug Administration filing requirements. The list of ingredients of the Products has been previously provided to Plaintiff in the Supplemental Response to Interrogatory 17 and this is the extent of Bio Ionic's knowledge of the ingredients in the Products. To make sure we were as comprehensive as possible after the motion was filed, we even checked for documents off-site at one of the

companies that acts as a "filler." This company is located in Pico Rivera, CA and takes the cremes we buy from Create and puts them in containers and packages. During this exercise, one additional document was found that I understand is necessary to export the product. I am informed that we have no idea whether this sheet is accurate reflects current product information. I understand that this document will be turned over to Conair's lawyers when it is received by Bio Ionic's lawyers. These are the only documents Bio Ionic has regarding ingredients or formulations.

10. The Product has generated minimal sales for Bio Ionic. Since Bio Ionic began buying and re-selling the Product in 2000, the entirety of Bio Ionic's gross sales of the system to its distributors, of which the Product is a part, totals at most $1,209,283.05 through August 2003. Expenses attributable to the sales of the system total approximately $435,144.29 leaving a total net sales amount of $774,138.76, not including certain of Bio Ionic's costs of goods. This information was detailed and provided in the Defendant's responses to Plaintiff's First Set of Interrogatories on October 8, 2003.

11. Bio Ionic does not have all the information requested by the Plaintiff in its discovery requests. The seller, Create, in the past, did not provide this information to Bio Ionic.

12. The only documents in Bio Ionic's possession about the Product are the Product brochures, Product information sheets, a training videotape and training manuals, which I understand have already been produced to the Defendant. There are no other responsive documents in Bio Ionic's possession concerning

the formulation of the Product or how it works.

13.  Bio Ionic does not manufacture any hair straightening Products and has no plans itself to formulate and/or manufacture any new hair straightening Products in the future. All of its Products have been and will continue to be purchased from Create and its suppliers.

14.  In response to Request 48 seeking samples of the individual ingredients of the Products, Bio Ionic does not have samples of the ingredients on hand. Bio Ionic would have to locate sources for the ingredients and then purchase these ingredients in order to comply with this request.

15.  I have reviewed Requests Nos. 28-33, there are no additional documents in Bio Ionic's possession. All documents relating to these requests have been produced.

16.  Bio Ionic maintains its financial information through off-the-shelf computer software (Quick Books) which is not as sophisticated as may be found at a larger company. Electronic folders, databases and accounting manuals do not exist. As noted above, Bio Ionic is a small company run by my husband and me with total annual gross sales last year of $7,195,454.00, of which the Products represent a small fraction, given that <u>the total combined sales of the Products since 2000</u> only amount to roughly $774,000 after expenses. This $774,000 figure does not include Bio Ionic's cost of goods, so the profit is actually much smaller than $774,000.

17.  Bio Ionic does not have any marketing information other than the Product brochures and Product literature that I understand already have been given to Plaintiff.

18. Bio Ionic does not have the information requested concerning retail sales given that its sales are made to distributors, which in turn sell the Products to salons, which then apply the Products to retail customers.

19. I have reviewed the Chart annexed hereto as Exhibit A and the statements concerning the documents in the column denoted "Explanation" and the explanations are true to the best of my knowledge, information and belief. I reviewed these requests and my response to the request is set forth in the explanation column.

_____
Kay Romero

Sworn and subscribed to before me
this __6__ day of January, 2004

_____
Notary Public   Kihyun Lee

KI HYUN LEE
Commission # 1311992
Notary Public - California
Los Angeles County
My Comm. Expires Jul 2, 2005

Case 3:03-cv-00958-MRK    Document 30    Filed 01/08/2004    Page 6 of 14

| Request | Responsive Documents In Bio Ionic's Possession and Produced? | Explanation by Ms. Romero |
|---|---|---|
| 1. All documents and things relied upon or referred to in answering Plaintiff's First Set of Interrogatories to Defendant. | Yes | All that was relied on and in Bio Ionic's possession regarding the hair re-texturizing system are the documents consisting of the product brochures, training and information materials that were produced. |
| 2. All documents and things, the identification of which is sought in Defendant's First Set of Interrogatories directed to Plaintiff. | Yes | See response to Number 1 above. |
| 3. All documents and things concerning the formula, recipe, development, invention, formula creation, changes in formula, formula development, design, manufacture, manufacturing processes, offer for sale, product changes and sale of Straightening Products, including but not limited to, any invention disclosures, engineering or laboratory notebook entries, documents and things originating with plaintiff or persons associated with plaintiff, or calendar or diary entries. | Yes | The only information Bio Ionic has in its possession in this regard is the ingredient listing set forth in the Supplemental Response to Interrogatory Number 17, the ingredient list attached to the Supplemental Response to Interrogatory Number 17 and an additional sheet that was only recently discovered at one of our "fillers" that I understand will be produced now that we have located it and forwarded it to our attorneys. |
| 4. All documents and things concerning any research, evaluation or development work conducted by or on behalf of Defendant with respect to Straightening Products. | No | Bio Ionic has no such documents in its possession although the formulator or manufacturer, Create, may have such documents. |
| 5. All documents and things concerning any research, evaluation or development work (including a) formula conception, b) formulation, c) reformulation, d) recipe, e) acceptability, f) testing, and g) problems) conducted by or on behalf of Defendant with respect to the use of Straightening Products (including Straightening Products considered but not adopted or sold by Defendant) with rollers, perming boards or like rigid mechanical member, including all documents concerning a decision to sell or not sell such product recommending or directing the use of a roller, perm board or like rigid mechanical member. | No | With the exception of product return documents and some documents relating to peroxide testing on the neutralizing cream as a result of a product recall, Bio Ionic has no such documents in its possession although the formulator or manufacturer may have such documents. |

| Request | Responsive Documents In Bio Ionic's Possession and Produced? | Explanation by Ms. Romero |
|---|---|---|
| 6. All documents and things concerning any research, evaluation or development work (including a) formula conception, b) formulation, c) reformulation, d) recipe, e) acceptability, f) testing, and g) problems) conducted by or on behalf of Defendant with respect to Straightening Products (including Straightening Products considered but not adopted or sold by Defendant) having different concentrations of disulfide, including all documents concerning a decision to sell or not sell such product. | No | See response to Number 5 above. |
| 7. All documents and things concerning any research, evaluation or development work (including a) formula conception, b) formulation, c) reformulation, d) recipe, e) acceptability, f) testing, and g) problems) conducted by or on behalf of Defendant with respect to Straightening Products (including Straightening Products considered but not adopted or sold by Defendant) having different viscosities, including all documents concerning a decision to sell or not sell such product. | No | See response to Number 5 above. |
| 8. All documents and things concerning any research, evaluation or development work (including a) formula conception, b) formulation, c) reformulation, d) recipe, e) acceptability, f) testing, and g) problems) conducted by or on behalf of Defendant with respect to Straightening Products (including Straightening Products considered but not adopted or sold by Defendant) having different concentrations of a mercaptan, including all documents concerning a decision to sell or not sell such product. | No | See response to Number 5 above. |

| Request | Responsive Documents in Bio Ionic's Possession and Produced? | Explanation by Ms. Romero |
|---|---|---|
| 9. All documents and things concerning any research, evaluation or development work (including a) formula conception, b) formulation, c) reformulation, d) recipe, e) acceptability, f) testing, and g) problems) conducted by or on behalf of Defendant with respect to Straightening Products (including Straightening Products considered but not adopted or sold by Defendant) having different mercaptans. | No | See response to Number 5 above. |
| 10. All documents and things concerning any research, evaluation or development work (including a) formula conception, b) formulation, c) reformulation, d) recipe, e) acceptability, f) testing, and g) problems) conducted by or on behalf of Defendant with respect to Straightening Products (including Straightening Products considered but not adopted or sold by Defendant) having different disulfides. | No | See response to Number 5 above. |
| 11. All documents and things concerning any research, evaluation or development work (including a) formula conception, b) formulation, c) reformulation, d) recipe, e) acceptability, f) testing, and g) problems) conducted by or on behalf of Defendant with respect to Straightening Products (including Straightening Products considered but not adopted or sold by Defendant) having different ratios of mercaptan to disulfide. | No | See response to Number 5 above. |
| 12. Complete copies of all electronic folders and directories (dealing in whole or in part with Straightening Product and/or Product a) formula conception, b) formulation, c) reformulation, d) recipe, e) acceptability, f) testing g) decision to sell, and g) problems) on the hard drive of the computer(s) primarily used by each natural person identified in response to interrogatories served by plaintiff in this action. | No | Bio Ionic has no such information in its possession either in document or electronic form. |
| 13. All documents and things used in the preparation of a witness, including documents and things so used before deposition, trial, or otherwise. | No | Not applicable to my review. |

| Request | Responsive Documents In Bio Ionic's Possession and Produced? | Explanation by Ms. Romero |
|---|---|---|
| 14. All documents and things related to any agreements, including but not limited to licensing agreements and consent agreements, concerning Defendant's purchase, use, sale and/or manufacture of Straightening Products. | Yes | There is only one document and that is a 1999 Agreement with Create that is no longer applicable in some respects. |
| 15. All manufacturer and supplier brochures and other literature relating to straightening Products. | Yes | See response to Number 1 above. |
| 16. All documents and things concerning any written descriptions of the ingredients, proportions of ingredients, characteristics of ingredients (including, without limitation, chemical formula, manufacturer, source, catalog number, concentration, viscosity, and acidity), formula, recipe and manufacture of Defendant's Straightening Products. | No | See response to Number 5 above. |
| 17. All documents and things concerning any written description of the method of use of Defendant's Straightening Products. | Yes | See response to Number 1 above. |
| 18. All documents and things which detail, evidence, or otherwise set forth Defendant's or another party's use, sale, offer for sale, and/or manufacture of Straightening Products, including all such documents and things which Defendant received or sent, including, without limitation, all correspondence or other communications relating to the same. | Yes | See responses to numbers 1, 3 and 5 above.  In addition, documents consisting of purchase orders from Bio Ionic to Create for the Crème are being located and produced since Plaintiff's in-house counsel narrowed and clarified the request in a discussion with Mr. Grier. |
| 19. Any and all documents and things evidencing dollar amounts and unit volume of annual wholesale and retail sales of Defendant's Straightening Products and Products for each year in which said Straightening Products and/or Products were sold for the period from 1990 to the present. | No | Bio Ionic has obtained the information from its Quick Books records and provided it in response to the original and supplemental responses to Interrogatory Number 9. |

| Request | Responsive Documents In Bio Ionic's Possession and Produced? | Explanation by Ms. Romero |
|---|---|---|
| 20. Any and all documents and things evidencing cost of manufacture and sale of Defendant's Straightening Products for each year in which said Straightening Products were sold for the period from 1990 to the present. | No | See response to Numbers 18 and 19 above. |
| 21. Any and all documents and things evidencing licensing from or to Defendant of technology relating to Products and/or Straightening Products for the period from 1990 to the present. | Yes | See response to Number 14 above. |
| 22. All electronic accounting, inventory control, and other databases and their associated software programs, user manuals and user agreements evidencing inventory, and dollar amounts and unit volume of annual wholesale and retail sales of Defendant's Straightening Products and Products for each year in which said Straightening Products and/or Products were sold for the period from 1990 to the present. | No | Bio Ionic uses Quick Books and there are no such electronic or other accounting and/or inventory documents. All the information provided by Bio Ionic was obtained from the Quick Books software. |
| 23. All documents and things which evidence the yearly budgets allocated to advertising of Defendant's Straightening Products and Products, the cost of such advertising and the recipients of all payments relating thereto for the period from 1990 to the present. | No | There are no documents because Bio Ionic does not segregate its advertising according to individual products. |
| 24. All electronic accounting, and other databases and their associated software programs and user agreements evidencing the cost of advertising Defendant's Straightening Products and Products for the period from 1990 to the present. | No | See response to Numbers 22 and 23 above. |
| 25. All documents and things (including accounting summaries) and other evidence showing the cost of manufacture of Defendant's Straightening Products. | No | Bio Ionic has no such documents in its possession and Bio Ionic does not manufacture the Crème. |

| Request | Responsive Documents In Bio Ionic's Possession and Produced? | Explanation by Ms. Romero |
|---|---|---|
| 26. All documents and things and other evidence relating to any testing, evaluation, marketing, investigation, research or any other action of Defendant respecting actual customers of Defendant, and/or actual customers of Plaintiff and/or actual customers of any other potential competitors for the same market. | No | Bio Ionic has no such documents in its possession. |
| 27. All documents and things relating to the creation and/or adoption of Defendant's Straightening Products. | No | See response to Number 25 above. |
| 28. All documents and things in Defendant's possession, custody or control in which the Patent is referred to, illustrated, copied or discussed. | No | Bio Ionic has no such documents in its possession other than the Complaint in this lawsuit. |
| 29. All documents and things in Defendant's possession, custody or control referring to Conair or Conair products. | No | See response to Number 28 above. |
| 30. Any and all documents and things evidencing any research into patents, publications or the like dealing with Products and Straightening Products conducted by Defendant or on behalf of Defendant or in the possession of Defendant and any and all results obtained from such research. | Yes | Bio Ionic has no documents in its possession other than the Complaint and certain Japanese documents obtained after the lawsuit was filed and that I understand were provided to Plaintiff's lawyer. |
| 31. Any and all documents, photographs, drawings, diagrams or other graphic or visual materials in any medium or form whatsoever, concerning the claims of the Patent. | No | See response to Number 28 above. |
| 32. All documents and things evidencing any patent applications filed by or on behalf of Defendant relating to Defendant's Straightening Products. | No | There are no such documents. |
| 33. All documents and things referring to any patent or patents generally and relating to Defendant's Straightening Products. | No | See response to Number 32 above. |

| Request | Responsive Documents In Bio Ionic's Possession and Produced? | Explanation by Ms. Romero |
|---|---|---|
| 34. All documents and things evidencing any acquisition or assignment of any rights relating to Defendant's Straightening Products, including any exclusive or non-exclusive marketing or representation agreement, patent related agreement, indemnification agreement and purchase agreement. | No | See response to Number 32 above. |
| 35. All documents and things which detail, evidence or otherwise set forth Defendant's corporate officers and directors during the time period from January 1, 1990 through today's date. | No | Bio Ionic does not have such documents, however, it provided information in response to Interrogatory Numbers 1, 2, 3 concerning its officers. |
| 36. All documents and things which will support Defendant's affirmative defenses as alleged in Defendant's Answer to the Complaint. | No | Not applicable to my review, but my understanding is that all documents obtained concerning Japanese prior art were produced to Plaintiff's counsel. |
| 37. All documents and things which defendant alleges to constitute prior art. | No | See response to Number 36 above. |
| 38. All documents and things shown by Defendant to customers or potential customers or sales prospects or other third parties relating to Straightening Products. | Yes | See response to Number 1 above. |
| 39. All documents and things evidencing the identity of Defendant's customers or potential customers or sales prospects for Straightening Products. | Yes | Bio Ionic's customers are 20 distributors whose identity is being provided through the production of purchase orders from the distributors to Bio Ionic. Other than that, there are no other documents. |
| 40. Documents sufficient to identify and give the characteristics (including, without limitation, chemical formula, manufacture, source, catalog number, concentration, viscosity and acidity of all ingredients proposed or considered for use in Defendant's Straightening Products, including, without limitation, all product literature associated with such ingredients. | Yes | See responses to Numbers 1 and 3 above. I believe there may be some quality control test results performed by the "filler" of the bulk product and I am attempting to locate them. However, the information is limited to bulk product that appears to have quality control problems upon inspection. |

| Request | Responsive Documents In Bio Ionic's Possession and Produced? | Explanation by Ms. Romero |
|---|---|---|
| 41. Documents sufficient to identify all Straightening Products sold by defendant in the past, presently or under consideration or planned for sale in the future. | Yes | See responses to Numbers 1 and 3 above. |
| 42. Documents and things sufficient to identify the ingredients and amounts of ingredients in all products identified in response to Request Number 41. | Yes | See responses to Number 3 above. |
| 43. Documents sufficient to identify all Straightening Products formulated by defendant, whether or not such products were offered for sale, and whether or not such products were considered effective or not. | No | See response to Number 3 above. |
| 44. Documents and things sufficient to identify the ingredients and amounts of ingredients in all products identified in response to Request Number 43. | No | See response to Number 3 above. |
| 45. Documents and things sufficient to identify all the ingredients of all Products sold by Defendant. | Yes | See response to Number 3 above and my review is limited to the hair retexturizing system. |
| 46. All documents relating to any consideration or decision respecting initiating, continuing or discontinuing sale of any products identified in documents responsive to Request Numbers 41 and 43. | No | There are no such documents. |
| 47. Ten consumer size packages of all Straightening Products sold commercially. | No | Not applicable to my review. |
| 48. A one kilogram sample of each ingredient used in formulating Straightening Products. | No | Not applicable to my review. |
| 49. Five kilograms of each Straightening Product made by Defendant but not sold commercially. | No | Not applicable to my review. |